UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JEFFREY WASHINGTON,           )
                              )
            Plaintiff,        )
     vs.                      )     2:11-cv-151-JMS-DKL
                              )
LT. STEVE KING, et al.,       )
                              )
            Defendants.       )

**Entry and Order Directing Dismissal of Action**

Having examined the complaint of Jeffrey Washington, and being duly advised, the court finds that the action must be dismissed for failure to state a claim upon which relief can be granted.

**Discussion**

Washington is confined at an Indiana prison. He alleges that he was wrongfully found guilty of misconduct consisting of breaking a window and was ordered to pay restitution of $320.00. The finding of misconduct and the sanction were affirmed on January 27, 2011, in the course of an administrative appeal.

Contending that the disciplinary proceeding is tainted by constitutional error, Washington sues the individuals involved in the matter and seeks damages from them. His specific claim is that the restitution obligation imposed as a sanction in the disciplinary proceeding constitutes a deprivation of property without due process of law.

Because Washington is a prisoner, the complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). Washington's complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v.*

*Atkins,* 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States.

Washington's claim falters at this point because he has not asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983).

Washington undoubtedly has a property interest in the funds from which his restitution obligation is being paid. This is not the end of the inquiry, however, for "[d]eprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under §1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990). This same point was made in *Hudson v. Palmer,* 468 U.S. 517, 533 (1984): "For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy." Indiana's Tort Claims Act (IND. CODE § 34-13-3-1, *et seq.*) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress the alleged taking of Washington's property (in this instance $320.00). *See Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). The property deprivation claim must therefore be dismissed.

Washington's complaint shows on its face that he is not entitled to relief. S*ee Jones v. Bock,* 127 S. Ct. 910, 921 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief.").

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:  09/13/2011
_____

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana